**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHELE BAKER,

          Plaintiff-Appellant,

v.

ROMAN CATHOLIC ARCHDIOCESE
OF SAN DIEGO; et al.,

          Defendants-Appellees.

No.    16-55961

D.C. No.
3:14-cv-00800-JM-JMA

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted February 12, 2018
Pasadena, California

Before:  BERZON and BYBEE, Circuit Judges, and WOODCOCK,** District
Judge.

Michele Baker appeals from the district court's grant of summary judgment

to her former employer, the Roman Catholic Bishop of San Diego ("RCBSD"), on

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable John A. Woodcock, Jr., United States District Judge
for the district of Maine, sitting by designation.

her disparate treatment claim under the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12112(a). She contends that the district court applied an incorrect definition of disability, and that it did not properly consider various pieces of circumstantial evidence in its summary judgment ruling. We agree and reverse.

**1.** The district court concluded that Baker did not have a disability protected by the ADA. The court reasoned, "There is simply no evidence that RCBSD, or even Plaintiff's treating physicians believed, or even considered, that Plaintiff was disabled and could not engage in major life activities . . . ." This conclusion rests on an erroneous legal standard.

Under the ADA Amendments Act of 2008 ("ADAAA"), a plaintiff is "regarded as having . . . an impairment," and thus disabled, if "he or she has been subjected to an action prohibited . . . because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity*." 42 U.S.C. § 12102(3)(A) (emphasis added). The ADAAA thus clarified that employers need not regard someone as being substantially limited in any major life activity to regard them as disabled, "thereby expand[ing] the class of individuals who are entitled to protection under the ADA." *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 853 (9th Cir. 2009).

Here, there is evidence in the summary judgment record that the principal Michael Deely: (1) knew that Baker had suffered a concussion at the end of August, because she had told him via email; (2) knew that Baker continued to suffer from dizziness and headaches after the concussion, because Baker said she told him that when she ran into him every week or two; (3) was concerned about Baker's health immediately after the concussion, because he expressed that concern to her; and (4) according to both Baker and Deely, asked about Baker's health when he saw her from time to time. This evidence could be interpreted by a jury as demonstrating that Deely "regarded" Baker as having post-concussion headaches and dizziness throughout the relevant time period. 42 U.S.C. § 12102(3)(A).

Further, having headaches and dizziness for months following a concussion could be interpreted by an employer as a "physiological disorder or condition . . . affecting . . . neurological" systems, 29 C.F.R. § 1630.2(h)(1), and thus an impairment. The parties thus have a triable dispute as to whether RCBSD regarded Baker as disabled.

**2.** The district court next concluded that Baker had failed to identify disputed material facts that would, if proven at trial, establish her prima facie case and prove that RCBSD's neutral reasons were pretextual. *See Curley v. City of N.*

3

*Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014) (applying the burden-shifting framework of *McDonnell Douglas* to ADA disparate treatment claims); *accord Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093-94 (9th Cir. 2001). We do not agree. Baker presented sufficient evidence that, if believed, would both establish a prima facie case of disparate treatment and raise a triable issue as to whether RCBSD's neutral reasons were pretextual.

First, Baker produced evidence that she had received mixed performance reviews for twelve years without any warning that RCBSD would not renew her teaching contract absent improvement. Her 2013 performance review was similar in tone to—and, in fourteen of seventeen "areas of growth" identified in 2009, an improvement on—past reviews, yet, five months after she suffered a concussion, her contract was not renewed. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("[I]n some cases, causation can be inferred from timing alone," although "timing alone will not show causation in all cases.").

Second, Baker noted that RCBSD did not have documentation of any student, parent, or teacher complaints, although Deely and two other administrators relied on such complaints in depositions and declarations as a critical reason for her termination. *See McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1123 (9th Cir. 2004) (determining that the "absence of any documentation" was "sufficient" to

support an inference of pretext).  Third, she noted that RCBSD did not provide her with any verbal or written warnings concerning the conduct for which it did not renew her contract, and it did not otherwise attempt to discipline her, despite mixed evidence in the record as to RCBSD's discipline policies.  *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1117 (9th Cir. 2011) ("A plaintiff may also raise a triable issue of pretext through evidence that an employer's deviation from established policy or practice," including formal and informal disciplinary policies, "worked to her disadvantage.").  And, fourth, Baker provided declarations from two former RCBSD teachers who said their contracts were not renewed after they developed mobility impairments.  *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (holding that other employees' testimony that they were discriminated against is not "*per se* admissible or *per se* inadmissible," but its relevance "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case").

Combined with other inferences that a jury might draw from Baker's 2013 performance evaluation—particularly, from Deely's conflicting reasons for the timing of the evaluation; the lack of dates and times on the evaluation; and the fact that this was, apparently, the first evaluation of Baker done by a principal rather

than an assistant administrator—this evidence was sufficient to raise a triable issue of pretext.

We thus reverse the district court's grant of summary judgment to RCBSD and remand for further proceedings.

**REVERSED and REMANDED.**